UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT FRANK, )
        Petitioner, )
v. ) Case No. 09-1402
WARDEN, FCI PEKIN, )
        Respondent. )

## O R D E R

This matter is now before the Court on Petitioner, Robert Frank's ("Frank"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the Petition [#1] is DISMISSED WITHOUT PREJUDICE.

### Background

Frank was indicted in the United States District Court for the Northern District of Iowa on 50 counts of Mail Fraud, Wire Fraud, Conspiracy to Defraud the United States, Submitting False Statements to the United States Probation Office, Obstruction of Justice, and Money Laundering. He pled not guilty to all charges and was subsequently charged with Removal of Property to Prevent Seizure and Obstruction of Justice in a second indictment. Following a jury trial, Frank was convicted of all but two counts of Money Laundering (Counts 47 and 48) and was sentenced to concurrent terms of 60 months' imprisonment on Counts 1 - 45, 100 months' imprisonment on Counts 46 and 49, and 60 months' imprisonment on the two counts of the second indictment. His conviction and sentence were affirmed on appeal to the Eighth Circuit. United States v. Frank, 354 F.3d 910, 929 (8th Cir. 2004). A Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 was also denied on August 30, 2005.

Frank now brings this Petition alleging that he is being unlawfully held in the segregation unit in violation of the laws and Constitution of the United States during an

investigation for a violation of BOP policies and seeking the expungement of this investigation from his institution record. This Order follows.

## Analysis

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992).

The Bureau of Prisons ("BOP") has established a system of administrative remedies through which federal inmates are given the opportunity to resolve grievances. 28 C.F.R. § 542.10 *et seq*. Such procedures include a request for informal resolution, formal request for remedy to the Warden (BP-9), appeal to the BOP Regional Director (BP-10), and appeal to the General Counsel in the BOP Central Office (BP-11). 28 C.F.R. §§ 542.13, 542.14, and 542.15. A review of Frank's Petition indicates that he has made no effort to appeal his grievance beyond the Warden of the institution; he has not yet pursued an appeal to either the BOP Regional Director or the General Counsel. Therefore, Frank has failed to exhaust his administrative remedies as required under Carnine, and his Petition must be dismissed.

His only justification for his failure to exhaust is the statement that, "I am attempting to use the system in the required time frames. However, staff are not responsive as they claim an 'Outside Agency' is holding me 'NOT' institutional staff. . . ." While the Warden's response to the BP-9 could likely shed some light on this issue, Frank has failed to attach it to his Petition, and the alleged difficulty in obtaining responses from institutional staff does not establish that appeals to the Regional Director and General Counsel would be futile. Frank's proper recourse is to exhaust the available administrative remedies before

filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Accordingly, the Court need not reach the merits of his claims.

Conclusion

For the reasons set forth herein, this Court DISMISSES the Petition for Writ of Habeas Corpus [#1].  This matter is dismissed without prejudice for failure to exhaust administrative remedies.

ENTERED this 29th day of December, 2009.

                                              s/ Michael M. Mihm
                                              Michael M. Mihm
                                              United States District Judge